E-FILED
Thursday, 17 August, 2017 10:27:34 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OMMEN BROWN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) 17-CV-1296<br>) |
| CORRECTIONAL FOOD SERVICE SUPERVISORS SUZANNE HOLBART AND HARBARGER, CORRECTIONAL OFFICER, SEREG, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

Plaintiff alleges that he severely burned his left wrist while working with hot gravy in the inmate kitchen at Pontiac Correctional Center on June 12, 2016. The burn allegedly penetrated Plaintiff's skin and was very painful. Plaintiff showed the burn to Defendant Suzanne Holbart and requested medical treatment. Defendant Holbart denied Plaintiff's request and ordered Plaintiff to continue working.

Plaintiff allegedly continued to seek treatment that day as his pain increased. After Plaintiff completed his work shift, Plaintiff showed his injury to Defendant Sereg, who was the officer assigned to Plaintiff's cell house, and requested medical treatment. Defendant Sereg also denied Plaintiff's request for medical treatment and instructed Plaintiff to make a formal sick call

request.  Plaintiff followed Defendant Sereg's instructions and submitted the request.

The next day, on June 13, 2016, Plaintiff made a request for medical attention to Defendant Harbarger, who is an inmate kitchen supervisor.  Defendant Harbarger denied Plaintiff's request and ordered Plaintiff to continue working.

Plaintiff did not receive any medical treatment for his burn until June 15, 2016, when a law library clerk observed Plaintiff's burn and contacted the medical director on Plaintiff's behalf.  Plaintiff saw a doctor later that day.  The doctor examined Plaintiff and diagnosed him with a second-degree burn.  The doctor prescribed burn cream, bandages, pain medication, and seven days leave from work.  Plaintiff's exhibits show that he required daily dressing changes for a period of five days.

Plaintiff alleges that Defendants Holbart, Harbarger, and Sereg were deliberately indifferent to his serious medical needs because Defendants denied and delayed Plaintiff's access to necessary medical treatment, causing him unnecessary pain and suffering. Deliberate indifference towards a prisoner's serious medical needs is a violation of the Eighth Amendment.  <u>Whiting v. Wexford Health</u>

Sources, Inc., 839 F.3d 658, 661 (7th Cir. 2016). To prove a claim for deliberate indifference, a plaintiff must show that he suffered from "'(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" Whiting v. Wexford Health Sources, Inc., 839 F.3d 658, 662 (7th Cir. 2016) (quoting Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008)).

Plaintiff's allegations are sufficient to allow an inference that he had an objectively serious medical condition. An objectively serious medical condition is a condition that has either "been diagnosed by a physician" and requires treatment, or is "so obvious that even a lay person would easily [see the need] for a doctor's attention." Cesal v. Moats, 851 F.3d 714, 721 (7th Cir. 2017). Although a minor burn does not necessarily qualify as an objectively serious medical condition, a more serious burn "may implicate the Eighth Amendment." Boyce v. Johnson, 2015 WL 7351679 *8 (N.D. Ill. 2015); *see also* O'Malley v. Litscher, 465 F.3d 799, 805 (7th Cir. 2006) (court assumed that pain resulting from minor burns qualified as an objectively serious medical condition); Cooper v. Morgan, 2016 WL 1181793 at *6 (N.D. Ill. 2016) (jury

could determine that a burn resulting in blisters, a scar, and discolored skin was a serious medical condition); Walker v. Vargas, 2013 WL 4792765 *8 (S.D.N.Y. 2013) (first and second degree burns to prisoner's foot that required daily bandage changes and a supportive boot qualified as an objectively serious medical condition); *but see* Harris v. Horney, 948 F.2d 1292 (7th Cir. 1991) (finding a reasonable person would not find that a small, second-degree burn the size of a quarter a serious medical condition). In this case, Plaintiff allegedly suffered a second-degree burn significant enough to require daily dressing changes and seven days off from work. A layperson arguably may have recognized the need for treatment.

Plaintiff also alleges facts sufficient to allow an inference that Defendants acted with deliberate indifference. A prison official is deliberately indifferent only if the official "'knows and disregards an excessive risk to [an inmate's] health or safety.'" Whiting v. Wexford Health Sources, Inc., 839 F.3d 658, 662 (7th Cir. 2016) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference may include delays in treating an inmate's non-life-threatening medical conditions, even if the delay is only for a few

days and does not worsen the inmate's condition. Gomez v. Randle, 680 F.3d 859, 865, 577-78 (7th Cir. 2012); Diaz v. Godinez, 2017 WL 2116175 at *2 (7th Cir. 2017). However, "an inadvertent mistake or negligence is not enough" to establish deliberate indifference. Cooper, 2016 WL 1181793 at *6.

Plaintiff's allegations that Defendants knew that Plaintiff had been burned, was in pain, and needed medical treatment allow an inference of deliberate indifference. *See, e.g.,* Lewis v. McLean, 2017 WL 3097864 (7th Cir. 2017) (reversing grant of summary judgment for officer and nurse who observed inmate's serious pain and inability to move but failed to do anything, indicating deliberate indifference); Smith v. Butler, 2017 WL 1318270 *4 (S.D. Ill. 2017) (inmate's displaced finger was an objectively serious injury that should have been obvious to prison officers who chose to take no action because of change in shifts); Cooper, 2016 WL 1181793 *7 (a reasonable jury could find that defendant nurses were deliberately indifferent based on evidence showing defendants knew prisoner was in pain but ignored prisoner's complaints and refused to provide basic treatment). This case will proceed for service on Plaintiff's Eighth Amendment claims.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status

of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **Plaintiff's motion for the Court to appoint counsel is denied (4),** with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

12) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

13) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:  August 17, 2017

FOR THE COURT:

　　s/Sue E. Myerscough　　
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
